# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSADY PIERCE COMPANY,<br>    Petitioner,<br><br>CERNUTO INCORPORATED doing business as C&C LUMBER BUILDING SUPPLIES SUPERMARKET doing business as C&C BUILDERS SUPPLY doing business as C& C BUILDERS SUPPLY CO doing business as C&C BUILDER SUPPLIES SUPERMARKET,<br>    Debtor,<br>    v.<br><br>FIRST CITY SERVICING CORPORATION agent of WAMCO, 33, LTD<br>    Respondent. | 2:07-cv-1434 |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL (Document No. 1) filed by Cassady Pierce Co. ("Cassady"). First City Servicing Corp., agent for WAMCO 33, Ltd. ("Wamco") has filed objections (Document No. 2).

Cassady seeks leave of Court pursuant to 28 U.S.C. § 158(a)(3) to file an interlocutory appeal of a Bankruptcy Court Order dated October 1, 2007. Leave to file an interlocutory appeal should be granted only if: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) immediate appeal would materially advance the termination of the litigation. *Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652 (E.D. Va. 1996).

The Bankruptcy Court's Order denied Cassady's objection to an amended proof of claim filed by Wamco and treated Wamco as a timely-filed, unsecured creditor for the full amount of its amended claim of $1,856,512.83. Wamco had originally filed a timely claim as a secured

creditor, reserving the right to make such an amended claim.  Wamco was undersecured and the deficiency after Wamco received the collateral, which would be an unsecured claim, represented approximately 66% of the entire estate.  On December 7, 2004, the Court approved an arrangement between Wamco and the Trustee to collect accounts receivable ("A/R").  Cassady did not object to this Order.  Cassady now contends that pursuant to various provisions of the Pennsylvania Uniform Commercial Code ("UCC"), Wamco's receipt of these A/R proceeds precludes it from filing a claim as an unsecured creditor.

The rigorous standard needed to justify an interlocutory appeal has not been met.  Wamco contends that none of the prongs has been met.  The Court concludes that Cassady has stated a controlling question of law - namely the interaction between the Pennsylvania UCC and the Bankruptcy Code.  However, there is no ground for a substantial difference of opinion.  The Bankruptcy Code, 11 U.S.C. § 506(a)(1), provides an unsecured claim to the extent of any deficiency and the Supremacy Clause preempts contrary state law.  *In re Pinti*, 363 B.R. 369, 380 (S.D.N.Y. Bankr. 2007).  Cassady has not cited any authority in favor of its position.  Moreover, the Court cannot conclude that interlocutory appeal would materially advance the litigation.  Remarkably, Cassady states that it believes that the Bankruptcy Court's determination may constitute a final order and is filing the instant motion out of an abundance of caution.  Obviously, if the Bankruptcy Court's order is final, there will be no need for an interlocutory appeal.  The Court makes no findings with respect to finality, but merely finds that the prerequisites to interlocutory appeal have not been satisfied.

Accordingly, the MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL (Document No. 1) filed by Cassady Pierce Co. is **DENIED**.

SO ORDERED this 21st day of November, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc: David Abrams, Esquire
　　　Email: dabk207@aol.com

DEBTOR
　　　Robert H. Slone, Esquire
　　　Email: robert.slone@7trustee.net

FIRST CITY SERVICING CORPORATION agent of WAMCO, 33, LTD
　　　David K. Rudov, Esquire
　　　Email: drudov@rudovstein.com